**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIMBERLEY LAURA SMITH-BROWN, *et al.*, Individually and on Behalf of All Others Similarly Situated, Plaintiffs, v. ULTA BEAUTY, INC. and ULTA SALON, COSMETICS & FRAGRANCE, INC., Defendants. | Case No. 1:18-cv-610<br>Judge: Jorge L. Alonso<br>Mag. Judge: M. David Weisman |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND REQUEST FOR ADDITIONAL PAGES**

In their Motion to Strike and Request for Additional Pages (Dkt. 262) ("Mot. at __"), Plaintiffs ask the Court to strike five exhibits submitted with Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification. (Dkt. 254) ("Defs. Opp. at __"). The exhibits Plaintiffs object to consist of a chart responding to a summary exhibit submitted by Plaintiffs, three charts with compilations of citations to the voluminous deposition evidence generated in this matter, and a final chart showing how Rule 23(a)(4) adequacy challenges in Defendants' brief apply to each of the 16 proposed class representatives.

Plaintiffs' motion should be denied. Plaintiffs argue the Court should strike Exhibit 5 as a sanction under Federal Rule of Civil Procedure 37(c). First, Plaintiffs' contention that Defendants' production was untimely is incorrect. Of the 182 pages Plaintiffs complain about,[1] 141 pages are duplicative of materials that were previously produced. The 41 remaining pages respond to

[1] The production at issue contained 182 pages, not 181 pages. *See* Mot. at 1.

arguments Plaintiffs raised for the first time in their motion for class certification. The timing of Defendants' production of those documents was consistent with Magistrate Judge Weismann's discovery schedule and sequencing. Second, Plaintiffs' request is procedurally improper. Plaintiffs have not raised this purported discovery dispute with Judge Weisman, as required by this Court's referral, nor did they meet and confer with Defendants before filing their motion, as required by Local Rule 37.2.

Plaintiffs argue that Exhibits 6, 7, and 8 should be stricken because they allegedly violate the page limit on Defendants' brief opposing class certification. There is no basis for their objection. Plaintiffs have not shown that Defendants' filings either violate a rule or order, or cause prejudice. Summary exhibits like Defendants', which aid the court by organizing relevant evidentiary materials and facilitate review of arguments contained in Defendants' brief, are commonplace and appropriate. Plaintiffs have yet to file their reply brief and, if necessary, can respond to the exhibits at that time.

Plaintiffs also ask the Court to permit them to file an oversized reply brief of 22 pages. This is Plaintiffs' second such request. The Court denied their first request for an expanded reply brief, but permitted Plaintiffs a 30 page opening brief. As an exhibit to their oversized opening brief, Plaintiffs filed more than 90 pages of additional briefing designated as a "Proposed Trial Plan." Defendants do not believe extra pages on reply are also necessary, or that Plaintiffs have provided good reason to permit an oversized reply. However, Defendants do not object if the Court finds the extra pages would be useful to its consideration of the issues.

## ARGUMENT

### I. Plaintiffs' Request To Strike Exhibit 5 Based On The Timing Of The Production Of Certain Documents Is Meritless.

Defendants' Exhibit 5 is a response to Plaintiffs' Exhibit 82, which is a summary exhibit

filed by Plaintiffs. Plaintiffs' exhibit purports to summarize, but in fact mischaracterizes, certain customer complaints that they claim reflect putative class members. Defendants' Exhibit 5 corrects these mischaracterizations, and directs the Court to other record evidence showing that the customer complaints do not reflect putative class members. *See* Defs. Opp. at 8-9 (citing Exhibit 5 and discussing Plaintiffs' failure to show numerosity). Plaintiffs appear to be arguing that Exhibit 5 should be stricken as a sanction under Rule 37(c) because it relies "in part" on 182 pages of documents produced on January 15, 2020, the same date Defendants' brief opposing class certification was filed. Mot. at 7-8.

First, Plaintiffs' complaint about the timing of the production of documents constitutes a discovery dispute. Plaintiffs failed to meet and confer in advance of their motion, as required by Rule 37.2 and this Court's standing orders. The Court has also referred discovery disputes in this matter to Magistrate Judge Weisman. (Dkt. 42.) Although the parties appeared before Judge Weisman as recently as January 17, 2020—two days *after* Defendants' document production—Plaintiffs did not raise any issue with the production at that time. Plaintiffs' failure to comply with the Court's referral of discovery disputes, its standing order, and Local Rule 37.2 are sufficient reason to deny the relief sought.

Second, Plaintiffs are wrong about the content of Defendants' January 15, 2020 production, and whether these documents were "previously withheld." Mot. at 1. 141 pages of the production, out of 182 total pages, are duplicative of materials that were produced long before Plaintiffs' class certification motion. These pages were produced on January 15, 2020, in a different format for clarity.[2]

Defendants' production of the remaining 41 pages, which are excerpts of customer

[2] Defendants believe the recently produced versions are easier for the Court to read and understand.

purchase histories (26 pages) and some additional customer service information (15 pages), was not untimely. Discovery in this case has not closed.[3] The records at issue are directly responsive to arguments Plaintiffs raised for the first time in their motion for class certification, concerning the alleged identity of potential class members. (*See* Plaintiffs' Ex. 82.) Until Plaintiffs raised those arguments, the records were not relevant and were also outside the scope of discovery ordered by Judge Weisman. With regard to purchase history records in particular, Judge Weisman entered a discovery order on March 7, 2019, stating that such records need not be produced prior to a ruling on class certification. (Dkt. 167.) That order was entered at *Plaintiffs'* request, after *Plaintiffs* advised Judge Weisman that they were *not* seeking those materials prior to class certification. (Dkt. 166 at 4.) Plaintiffs' motion to strike is not the appropriate mechanism to re-visit Judge Weisman's March 7, 2019 discovery order.[4]

Finally, even if Plaintiffs were correct (and they are not) that 41 pages of documents should have been produced earlier, that would not justify the sanction they are seeking under Rule 37(c). Here, unlike cases cited by Plaintiffs, the records were produced, and produced before fact discovery closed. *See* Mot. at 7-8 (citing *Fauley v. Heska Corp.*, 326 F.R.D. 496, 508 (N.D. Ill. 2018) (Alonso, J.) (ruling in connection with summary judgment motion); *Panel Specialists, Inc. v. Tenawa Haven Processing, LLC*, 2018 WL 6830204 (D. Kan. Dec. 28, 2018) (same)). The timing of the production was also substantially justified and harmless. *See* Fed. R. Civ. P. 37(c)(1). The materials were produced in response to arguments first made in Plaintiffs' motion for class certification. Plaintiffs are not prejudiced: they can address any allegedly "new" information in

[3] Plaintiffs produced new documents as recently as December 16, 2019.

[4] Plaintiffs argue the materials should have been produced pursuant to their Document Request No. 12. Defendants objected to that request, and the documents at issue fall outside the parties' agreements and the Courts' discovery orders.

their reply brief, which is not due until April 1, 2020.

## II. Exhibits 6, 7, 8, and 9 Are Appropriate Compilations Of Evidence Citations And Information In Aid Of The Court's Review.

Motions to strike do "little to advance the ball in [] litigation" and are disfavored. *Paldo Sign & Display Co. v. Unified Mktg., LLC*, 2017 WL 951313, at *4 (N.D. Ill. Mar. 10, 2017) (Alonso, J.) (denying motion to strike). Even if the materials at issue are procedurally improper, unless they also cause prejudice to the moving party, the motion to strike should be denied. *See, e.g.*, *id.*; *Elorac, Inc. v. Sanofi-Aventis Canada, Inc.*, 343 F. Supp. 3d 789, 792-93 (N.D. Ill. 2018) (Alonso, J.) (denying motion to strike LR 56.1 response that was improper but defendant could not "identify . . . any specific substantive prejudice it suffered").

Defendants' Exhibits 6, 7, 8, and 9 are summary exhibits that were submitted to facilitate the Court's review of arguments in Defendants' class certification response brief. These charts consist primarily of citations to deposition testimony. The deposition transcripts were submitted separately. Because these exhibits therefore are proper, and because Plaintiffs have not demonstrated prejudice, there is no basis to strike them.

### A. Exhibits 6, 7, 8, And 9 Are Summary Charts That Aid The Court By Organizing Relevant Testimony From The Twenty-Five Depositions Taken In This Case And Other Information.

Plaintiffs argue that Exhibits 6, 7, and 8 contain "argument" and are an attempt to skirt the page limit applicable to Defendants' brief opposing class certification. They claim that Exhibit 9 is "redundant" of Defendants' brief and violates Rule 12(f). Plaintiffs are incorrect.

Exhibits 6, 7, and 8 are charts that help organize certain of the record evidence Defendants submitted with their opposition to class certification. Because this case involves 16 proposed class representatives, 15 states, and 43 claims, the record evidence is voluminous. In particular, the parties have taken 25 depositions, with two more to occur before Plaintiffs' reply. The exhibits

challenged by Plaintiffs contain record citations, not argument,[5] and all of the cited deposition transcripts are separately submitted. *See* Defs. Opp. Exs. 32 to 55. Plaintiffs are not objecting to the submission of the deposition testimony itself, and so apparently only object to organizational charts that make it less burdensome for the Court to review and understand that testimony. Notably, *Plaintiffs* filed a summary chart as an exhibit to their brief in support of class certification, allegedly for similar reasons.[6] *See* Mot. at 2. Defendants did not object to Plaintiffs' summary chart.

Numerous decisions in this district and elsewhere have held that such summary exhibits are proper.[7] For example, in *Garden City Employees' Retirement Systems v. Anixter International, Inc.*, the court denied a motion to strike a summary exhibit that mapped how the defendants' arguments applied to portions of the plaintiffs' complaint. 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011). The chart aided the court, did not prejudice the plaintiffs, and was proper. *Id*. In *Batchelor v. Frisbie*, the court denied a motion to strike a summary exhibit that "merely condense[d] the information found in [a] deposition" and could be used as a "tool for the Court . . . in its review of the record." 2009 WL 10715185, at *8 (S.D. Ind. Dec. 11, 2009). And, in *U.S. ex rel K & R Ltd. Partnership v. Mass. Housing Finance Agency*, the court denied a motion to strike a 57-page summary chart that organized facts and arguments, was "submitted in good faith,"

---

[5] Exhibit 6 organizes citations to deposition testimony from each named plaintiff, Exhibit 7 organizes citations to deposition testimony from current and former employees, and Exhibit 8 organizes citations to employment records and deposition testimony from certain individuals who provided declarations in support of Plaintiffs. Each exhibit corresponds to arguments set out in Defendants' brief. (Def. Opp. at 3-6, 11-15, 17-18, 20, and 23.)

[6] Plaintiffs also submitted, as an exhibit, more than 90 pages of additional briefing that they designated a "Proposed Trial Plan." (*See* Dkt. 232.) Defendants filed a response with their opposition brief. (*See* Defs. Opp. Ex. 2.)

[7] There is no local rule or standing order addressing the use of summary exhibits that compile deposition citations or other evidentiary citations to aid the Court.

and prevented "organizational work that the Court would otherwise have to take upon itself." 456 F. Supp. 2d 46 (D.D.C. 2006). *See also E.E.O.C. v. Dial Corp.*, 156 F. Supp. 2d 926, 960 n. 22 (N.D. Ill. 2001) (noting that defendant submitted a chart as an exhibit to its reply brief that summarized class members' individual claims and defendants' arguments).

Plaintiffs have not identified a single decision striking exhibits similar those submitted by Defendants. In *Integrated Cards, L.L.C. v. McKillip Industries*, cited by Plaintiffs, the court struck a 26-page "exhibit" of text that consisted of summary judgment arguments. 2008 WL 3286981, at *7 n.7 (N.D. Ill. Aug. 8, 2008). In *Solaia Tech. LLC v. ArvinMeritor, Inc.*, the court struck a seven-page substantive response to the opposing party's Rule 56.1 statement. *Evans v. United States Department of the Interior* involved motions to strike portions of declarations that were not made on personal knowledge. 135 F. Supp. 3d 799, 810 (N.D. Ind. 2015). In *Rochlin v. Cincinnati Insurance Co.*, the court disregarded an appendix of eight pages of legal citations with parentheticals and exhibits that contained "large portions of the [party's] argument," such as discussion of plaintiffs' use of statistical evidence.[8] 2003 WL 21852341, at *8 (S.D. Ind. July 8, 2003).

Finally, Exhibit 9 is a summary chart to aid the Court's review of Defendants' Rule 23(a)(4) adequacy challenges. As Plaintiffs admit, the same information is set out in Defendants' brief opposing class certification. Mot. at 8. Plaintiffs' sole argument for striking Exhibit 9 is that it allegedly is "redundant" under Federal Rule of Civil Procedure 12(f). However, Rule 12(f) does

---

[8] The other two cases Plaintiffs mention in their motion provide no support for their request to strike. *Morgan v. South Bend Community School Corporation* involved a party who submitted a 54 page brief, rather than 50 pages. 797 F. 2d 471 (7th Cir. 1986). Even then, the court did not strike the brief. *Id.* Second, *Native American Arts, Inc. v. Peter Stone Co.* involved a supplemental and successive memorandum filed after defendants had already filed summary judgment brief. 2015 U.S. Dist. LEXIS 4626, at *5 (N.D. Ill. Jan. 14, 2015).

not apply to motion practice, only pleadings. Fed. R. Civ. P. 12(f); *see also Hrubec v. National R.R. Passenger Corp.*, 829 F. Supp. 1502, 1506 (N.D. Ill. 1993) (explaining that Rule 12(f) does not apply to motion practice).

**B. Plaintiffs Are Not Prejudiced By Exhibits 6, 7, 8, And 9.**

Even if Plaintiffs had shown that Exhibit 6, 7, 8, or 9 violated a local rule or court order (which they have not), the motion to strike still should be denied. Plaintiffs have not been prejudiced by the challenged exhibits in any way. They can address the exhibits in connection with their reply brief, if they so choose. Indeed, Plaintiffs suggest they intend to respond to the exhibits whether the motion to strike is granted or denied. *See* Mot. at 9. Furthermore, although Defendants do not believe Plaintiffs have identified good reason for additional pages, *infra* Section III, if the Court grants leave for an oversized reply brief, it would eliminate Plaintiffs' alleged prejudice.

Accordingly, Plaintiffs' motion to strike Exhibits 6, 7, 8, and 9 should be denied.[9]

**III. Plaintiffs Have Provided No Good Reason For An Oversized Reply Brief.**

This is Plaintiffs' second request for leave to submit an oversized reply brief. On July 24, 2019, Plaintiffs requested leave to file an oversized initial brief in support of their motion for class certification of 45 pages, and an oversized reply brief of 23 pages. (Dkt. 203.) The Court rejected that request, and instead granted Plaintiffs leave only to file an oversized initial brief of 30 pages. (Dkt. 205.) Plaintiffs now ask the Court to reconsider that ruling, and permit a reply brief of

[9] Plaintiffs raise other arguments, in passing, that provide no basis for striking any part of Defendants' submissions. Plaintiffs complain that the font size in Exhibit 6 is "miniscule" and "unreasonable" to review. Defendants provided a copy of Exhibit 6 to the Court on 11x17 size pages, which results in a normal size font. Plaintiffs also assert that certain information in the exhibits is "premature" for the Court to consider on a motion for class certification, *see* Mot. at 4-5, 6, but that is an argument for a reply brief, not a basis to strike Defendants' filing.

22 pages.

Plaintiffs were already granted up to 45 pages of briefing (30 pages for an initial brief, and 15 pages on reply) to support their motion for class certification, and submitted more than 90 additional pages of Proposed Trial Plan briefing as an exhibit. Defendants were permitted 30 pages of briefing in response to Plaintiffs' motion for class certification, and also responded to Plaintiffs' Proposed Trial Plan. Plaintiffs have provided no good reason why they cannot adequately set out their reply arguments within the existing page limits. Nevertheless, if the Court believes extra pages on reply would be useful to its consideration of the issues, Defendants do not object to Plaintiffs' request for leave.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Strike and Request for Additional Pages.

Dated: February 24, 2020

Respectfully submitted,

By: */s/ Craig C. Martin*

Craig C. Martin
Matt D. Basil
Amanda S. Amert
Paul B. Rietema
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Paul B. Rietema, an attorney, certify that on this 24th day of February, 2020, I caused a copy of the foregoing ***Defendants' Response in Opposition to Plaintiffs' Motion to Strike and Request For Additional Pages*** to be filed with the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

/s/ *Paul B. Rietema*
*Attorney for Defendants*